IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | |
|---|---|
| KATHY OZELLA HOLDER,<br><br>    Plaintiff<br><br>v.<br><br>LOWE'S LONG TERM DISABILITY<br>PLAN,<br><br>LOWE'S COMPANIES, INC.,<br>as Employer, and as Plan Sponsor and<br>Administrator for LOWE'S LONG<br>TERM DISABILITY PLAN,<br><br>and<br><br>LIBERTY LIFE ASSURANCE<br>COMPANY OF BOSTON, as Claims<br>Administrator for LOWE'S LONG<br>TERM DISABILITY PLAN<br><br>    Defendants. | CIVIL ACTION NO. _____ |

## COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

COMES NOW, Plaintiff, Kathy Ozella Holder, and makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay Long-Term Disability benefits due under an employee benefits plan, and other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

### JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff claims "relate to" an "employee welfare benefits plan as defined

by ERISA, 29 U.S.C. § 1001 et seq. and the subject Disability Benefit Plan constitutes a "plan under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503 – 1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now before this court for judicial review.

3. Venue is proper in the Eastern District of Tennessee pursuant to 29 U.S.C. § 1132 (e)(2).

## PARTIES

4. Plaintiff, Kathy Ozella Holder, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Church Hill, Hawkins County, Tennessee.

5. Plaintiff alleges upon information and belief that Defendant Lowe's Long Term Disability Plan (hereinafter "the PLAN"), is, and at all relevant times was, an "employee welfare benefit plan" as defined by ERISA. According to plan documents, the PLAN may be served with process by serving the Plan sponsor and administrator, Lowe's Companies, Inc., Box 1111, North Wilkesboro, North Carolina 28656.

6. Plaintiff alleges upon information and belief that Defendant Lowe's Companies Inc. (hereinafter "Employer"), was Plaintiff's employer, throughout the relevant periods and is the Plan sponsor and administrator of the PLAN. Employer is a foreign corporation incorporated under the laws of the State of North Carolina with its principal place of business at 1000 Lowe's Boulevard, Mooresville, NC 28117. Employer may be served with process by serving Gaither M. Keener, Jr., Esq., Senior Vice President, General Counsel, Secretary and Chief Compliance Officer, Lowe's Companies, Inc. 1000 Lowe's Boulevard Mooresville, North Carolina 28117.

7. Plaintiff alleges upon information and belief that Defendant Liberty Life Assurance Company of Boston (hereinafter "Claims Administrator" or "Liberty Life"), is the party obligated to determine eligibility for benefits under the PLAN and is an insurance company authorized to transact business in this state. Liberty Life is an insurance underwriter for Group Policy Number 336346 and may be served with process by serving its registered agent for service, through the Commissioner of the State of Tennessee, Department of Commerce and Insurance, 500 James Robertson Parkway, Davy Crocket Tower, 4th Floor, Nashville, Tennessee 37243-0574.

## FACTS

8. The Plaintiff is a participant or beneficiary of the PLAN and is covered by the LTD policy that provides benefits under the PLAN.

9. The Plaintiff was employed by Employer in their Morristown, Tennessee location store # 579, where the PLAN was administered.

10. The Plaintiff ceased work due to a disability while covered under the PLAN.

11. The Plaintiff has been and continues to be disabled as defined by the provisions of the PLAN.

12. The Plaintiff filed a timely application for benefits under the PLAN on August 8, 2003.

13. On November 24, 2003 Liberty Life notified Plaintiff that she qualified for Long Term Disability Benefits under the PLAN. Plaintiff was given a date of disability of April 29, 2003 with benefits payments beginning July 28, 2003.

14. The Plaintiff was paid benefits under the PLAN from July 28, 2003 until July 23, 2004.

15. On or about November 25, 2003 Liberty Life hired Claims Verifications Incorporated "CVI" to conduct surveillance of Plaintiff's activities.

16. On December 3, 2003 CVI mistakenly identified Plaintiff's daughter-in-law as the Plaintiff and secretly video recorded Plaintiff's daughter-in-law outside of Plaintiff's home from until 1:55 – 1:58pm lifting five bags of groceries.

17. Plaintiff's daughter-in-law is seen on CVI's video carrying items into Plaintiff's home.

18. CVI provided videotape of Plaintiff's daughter-in-law to Liberty Life.

19. Liberty Life failed to verify the identity of the individual seen on video provided by CVI.

20. Liberty Life erroneously relied on CVI's video when evaluating Plaintiff's claim for Long Term Disability Benefits under the PLAN.

21. First quarter 2004 Plaintiff unable to perform work applies to the US Social Security Administration for disability benefits.

22. On July 22, 2004 Liberty Life notified Plaintiff that benefits beyond July 23, 2004 are not approvable based on a review of Plaintiff's medical documentation and her ability to perform her own occupation.

23. On April 19, 2005 Liberty Life notified Plaintiff that her administrative right to review has been exhausted, that no further review will be conducted by Liberty, that her claim will remain closed and that she has the right to bring a civil action under section 502(e) of ERISA.

24. June/July 2005 Social Security Administration determined that Plaintiff was totally disabled, could not sit or stand, could not lift over ten (10) pounds and awards disability benefits to Plaintiff.

25. On June 25, 2009 Plaintiff submitted an Affidavit to Liberty Life attesting that she was not the individual seen on video recorded by CVI on December 3, 2003. Plaintiff also submitted a written request that Liberty Life reconsider her claim and reinstate her Long Term

Disability payments along with back payments based on her medical information and erroneous and misleading information provided by CVI to Liberty Life.

26. On July 23, 2009 Liberty Life responded to Plaintiff that Liberty "will not consider any additional information" and that Plaintiff's "administrative record remains closed with no further review conducted by Liberty . . . "

**CAUSE OF ACTION
FOR PLAN BENEFITS AGAINST ALL DEFENDANTS
PURSUANT TO 29 U.S.C. §§1132(a)(1)(B)**

PLAINTIFF incorporates the allegation contained in paragraphs 1 through 26 as if fully stated herein and further says that:

27. Under the terms of the PLAN, Defendants agreed to provide Plaintiff with long-term disability benefits in the event that the plaintiff became disabled as defined by the terms of the PLAN.

28. Plaintiff is disabled under the terms of the PLAN.

29. Defendants failed to provide benefits due under the terms of the PLAN, and this denial of benefits to Plaintiff constitutes a breach of the PLAN.

30. Liberty Life's decision to deny benefits was wrong under the terms of the PLAN.

31. Liberty Life's decision to deny benefits and decision-making process was arbitrary and capricious.

32. Liberty Life's decision to deny benefits was not supported by substantial evidence in the record.

33. Pursuant to T.C.A. § 56-7-105 Liberty Life's decision to deny benefits constitutes bad faith.

34. Liberty Life's decision making process did not comport with 29 U.S.C. § 1133's requirements that any notice of denial must contain the specific reasons for such denial,

written in a manner calculated to be understood by the participant and must comport with Department of Labor Regulations.

35. Liberty Life's decision making process did not provide a reasonable opportunity to the plaintiff for a full and fair review of the decision denying the claim, as is required by 29 U.S.C. § 1133 and 29 C.F.R. 2650.503-1.

36. The Defendants' appellate procedures did not provide Plaintiff a full and fair review.

37. As ERISA fiduciaries, the Defendants owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest.

38. The Defendants violated the fiduciary duties owed to the Plaintiff.

39. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled to under the PLAN, and continued benefits payable while Plaintiff remains disabled under the terms of the PLAN.

40. A cause of action for breach of contract or to enforce a contract accrues when a party repudiates a contract or clearly indicates that he or she refuses to perform.

41. Pursuant to T.C.A. § 28-3-109(a)(3) the limitation period for Plaintiff to bring a claim of action for breach of contract is six years of when the cause of action accrues and is the controlling period of limitation in this action.

42. Plaintiff's claim should not be time barred under provisions in the PLAN.

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF** requests that this court grant her the following relief in this case:

1. A finding in favor of the Plaintiff against all Defendants;

2. Damages in the amount equal to the disability income benefits to which she was entitled through date of judgment, for unpaid benefits pursuant to 29 U.S.C.§ 1132(a)(1)(B);

3. Damages for bad faith in the amount allowed pursuant to T.C.A § 56-7-105.

4. Prejudgment and post judgment interest;

5. An order requiring the PLAN or appropriate Plan fiduciary to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the PLAN.

6. An order requiring Defendant Employer to provide plaintiff with any other employee benefits to which she would be entitled pursuant to a finding that she is disabled under the Long Term Disability plan;

7. Plaintiff's reasonable attorney fees and costs; and

8. Such other relief as this court may deem just and proper, including any other penalties or relief available under ERISA.

Plaintiff further requests that the court order Defendants to provide Plaintiff with a bound copy of the ERISA record consecutively paginated, including all relevant Plan documents, any documents relied on in making the decision or that are relevant to the claim, or are required to be produced under the applicable ERISA statute case-law or regulations.

Respectfully submitted this 9th day of September, 2009.

**ROSS & ASSOCIATES**

By: _____
J. Todd Ross (TN BPR #022264)
255 Broad Street
Kingsport, TN 37660
Phone: (423) 230-0006
Fax: (423) 230-0009
Email: todd@rossassociateslaw.com

*Attorney for Plaintiff*

## COST BOND

We hereby acknowledge ourselves as surety for all court costs.

**ROSS & ASSOCIATES**

By: _____
J. Todd Ross