IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

KATHY OZELLA HOLDER,           )
                               )
              Plaintiff,       )
                               )
v.                             )     No. 2:09-CV-198
                               )
LOWE'S LONG TERM DISABILITY    )
PLAN, LOWE'S COMPANIES, INC.,  )
as Employer, and as Plan Sponsor and )
Administrator for LOWE'S LONG  )
TERM DISABILITY PLAN, and      )
LIBERTY LIFE ASSURANCE         )
COMPANY OF BOSTON, as Claims   )
Administrator for LOWE'S LONG  )
TERM DISABILITY PLAN,          )
                               )
              Defendants.      )

## MEMORANDUM OPINION

This civil action is brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, for recovery of long-term disability ("LTD") benefits. It is now before the court for consideration of the motion for judgment on the pleadings [doc. 10] filed by defendants Liberty Life Assurance Company of Boston ("Liberty") and Lowe's Long Term Disability Plan (collectively, "defendants"). Plaintiff has filed a response, and the motion is ripe for the court's consideration.[1]

---

[1] The third named defendant, Lowe's Companies, Inc. ("Lowe's"), was dismissed by agreed order dated December 9, 2009. [Doc. 14]. Plaintiff's breach of fiduciary duty and state-law breach of contract claims were also dismissed as to all defendants pursuant to the agreed order.

Defendants argue that this lawsuit is time-barred by a three-year limitations period contained in the Group Disability Income Policy ("the Plan") at issue. In response, plaintiff argues that the limitations period is *per se* invalid on public policy grounds. For the reasons that follow, defendants' motion will be granted and this case will be dismissed.

I.

*Applicable Legal Standards*

Motions for judgment on the pleadings are authorized by Rule 12(c) of the Federal Rules of Civil Procedure. Courts analyze Rule 12(c) motions employing the same standard applied to Rule 12(b)(6) motions to dismiss. *See Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005) ("*PONI*") (citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)). The court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Hog Market*, 249 F.3d at 512. The court need not, however, accept legal conclusions presented in the complaint, nor should it make unwarranted factual inferences. *See PONI*, 399 F.3d at 697 (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

If "matters outside the pleadings are presented to and not excluded by the court," a Rule 12(c) motion is generally then converted to one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). The burden is then placed upon the movant to

2

demonstrate that there is no genuine issue of disputed material fact. *See* Fed. R. Civ. P. 56(c)(2).

There are exceptions to this general rule. For example, documents attached to a 12(c) motion are considered part of the pleadings if they are: (1) central to the plaintiff's claims; and (2) referred to in the complaint. *See Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997). Attached to the instant defendants' motion is a copy of the Plan and certain written communications from Liberty to plaintiff. The court has considered those documents, as they are central to plaintiff's claims and are referred to in her complaint. *See id.*

## II.

### *Factual Background as Presented by the Pleadings*

The Plan sets an elimination period (an initial "period of consecutive days of Disability or Partial Disability for which no benefit is payable") of no more than 90 days after the onset of disability, and a claimant must submit proof of disability no later than 180 days after the end of the elimination period. The Plan further provides, "A claimant . . . cannot start any legal action . . . more than three years after the time Proof of claim is required." The Plan's limitations period for filing suit, if valid, is therefore three years plus 270 days after the onset of disability.

Plaintiff was formerly employed by Lowe's and was a Plan participant. She applied for benefits on August 8, 2003. On November 24, 2003, Liberty notified plaintiff that her claim was approved. Based on a disability onset date of April 29, 2003, plaintiff

3

began receiving benefits effective July 28, 2003.

On July 22, 2004, Liberty informed plaintiff that her benefits would be discontinued effective the following day. Through her attorney, plaintiff requested reconsideration, which Liberty denied on April 19, 2005, after further review. By letter that date, Liberty advised that plaintiff's "administrative right to review has been exhausted and no further review will be conducted by Liberty and her claim will remain closed."

More than 50 months later - on June 25, 2009 - plaintiff's counsel wrote to Liberty again seeking reconsideration. By letter dated July 23, 2009, Liberty responded in material part,

> As we have previously explained, Ms. Holder's claim was denied on July 22, 2004[.] Ms. Holder was advised of her right, under ERISA guidelines, to appeal the denial within 180 days of her receipt of the denial letter and to submit any additional information which she wished to be considered in the review of her claim.
>
> Our position, as explained in our July 22, 2004 letter, remains unchanged. . . .
>
> . . .
>
> It is imperative that we conduct the claim appeal review in a timely manner. Therefore, we are unable to consider the information, which you have submitted over 5 years after the benefit denial date. Liberty has rendered our final determination on this claim.
>
> Liberty rendered our final determination on April 19, 2005; therefore we will not consider any additional information and Ms. Holder's administrative record remains closed with no further review conducted by Liberty Life Assurance Company of Boston.

Plaintiff then filed the instant lawsuit on September 11, 2009.

4

*Analysis*

Because ERISA does not contain a statute of limitations for benefits claims, courts utilize "the most analogous state statute of limitations, which is that for breach of contract." *Santino v. Provident Life & Accident Ins. Co.*, 276 F.3d 772, 776 (6th Cir. 2001).[2] Tennessee has a six-year statute of limitations for breach of contract, *see* Tennessee Code Annotated § 28-3-109(a)(3), but parties can modify a limitations period provided that the amended period is reasonable. *See Med. Mut. of Ohio v. k. Amalia Enters.*, 548 F.3d 383, 390-91 (6th Cir. 2008).

In the present case, plaintiff argues that the Plan's limitations period is unreasonable because it is tied to the onset of disability and the proof of claim date rather than to the date of the final claim denial. In support of her position, plaintiff cites decisions of the Fourth and Ninth Circuit Courts of Appeals. *See White v. Sun Life Assurance Co. of Can.*, 488 F.3d 240 (4th Cir. 2007); *Price v. Provident Life & Accident, Ins. Co.*, 2 F.3d 986 (9th Cir. 1993). *White* and *Price* struck similar contractual limitations periods on public policy grounds. The *White* majority commented that ERISA's

---

[2] The Plan at issue contains a choice of law provision stating in full, "Governing Jurisdiction is North Carolina and [sic] subject to the laws of that State." Absent express statement of intent, however, choice of law provisions do not impact a forum state's use of its own procedural law, such as statutes of limitation. *See Phelps v. McClellan*, 30 F.3d 658, 661-62 (6th Cir. 1994).

remedial structure does not permit an ERISA plan to start the clock ticking on civil claims while the plan is still considering internal appeals. Courts have required exhaustion in light of the symbiotic relationship between ERISA civil suits and internal review, but Sun Life would allow one remedy to undercut the other. Benefit plans would have the incentive to delay the resolution of the participants' claims, because every day the plan took for its decision-making would be one day less that a claimant would have to review the plan's final decision, decide whether to challenge it in court, and prepare a civil action if need be. Indeed, a plan that did not reach a final decision until after the statute of limitations had run would deprive a participant of the right to file a civil claim at all. These incentives to delay would undermine internal appeals processes as mechanisms for "full and fair review" . . . and undermine the civil right of action as a complement to internal review . . . .

*White*, 488 F.3d at 247-48; *accord Price*, 2 F.3d at 988.

The court is compelled to note that the purportedly controlling and "identical" contrary authority cited by defendants in support of their position is not on point. *See Morrison v. Marsh & McLennan Cos.*, 439 F.3d 295, 298 (6th Cir. 2006) (contractual limitations period was related to the date of claim *denial*); *Moffitt v. Whittle Commc'ns*, 895 F. Supp. 961, 965 (E.D. Tenn. 1995) (similar plan limitations period to the one now before the court, but no party in *Moffitt* challenged the validity or reasonableness of using the proof of claim date as a starting point for the limitations period). Defendants' contention that the undersigned "addressed and resolved" the present issue in *Moffitt* is a mischaracterization of that case.

The court further notes that no party in the present case has directed the court's attention to the most on-point authority existing within the <u>Sixth</u> Circuit - *Rice v. Jefferson Pilot Financial Insurance Co.*, 578 F.3d 450 (6th Cir. 2009). As with the instant Plan, the

6

policy in *Rice* provided, "No legal action may be brought more than three years *after written proof of claim is required to be given*." *Rice*, 578 F.3d at 453 (emphasis added). In light of that provision, the *Rice* panel considered the "narrow question" of "whether parties can . . . contract for the date on which an ERISA claim accrues." *Id.* at 455.

Citing the Fourth Circuit's *White* decision, *Rice* acknowledged that "there are situations in which a contractual accrual date for ERISA claims could be unreasonable." *Id.* However, the *Rice* panel found "nothing in the language of the contract in [*Rice*] to suggest that the contractual accrual date [in *Rice*] is unreasonable." *Id.* at 455-56. One consideration deemed important was the policy's "fail-safe provision that an employee's application is considered denied if no answer is received within ninety days, thus avoiding any situation in which the limitations period would prevent an employee from bringing suit." *Id.* at 456.

The undersigned's review of the Plan in instant case finds no similar fail-safe provision. Notwithstanding that relevant distinction, the court nonetheless views *Rice* as directing a ruling in the defendants' favor.

The *Rice* panel commented that its result was "in accord with several other circuits" other than the Fourth Circuit's decision in *White*. *See id.* The first opinion *Rice* cited from "several other circuits" was the Seventh Circuit's decision in *Doe v. Blue Cross & Blue Shield United of Wisconsin*, a case of striking similarity to the one at bar. In *Doe*, the plan's contractual limitations period was three years "from the time written proof of loss

7

was required to be filed," and approximately 39 months from "the first date of services on which the action is based." *Doe*, 112 F.3d 869, 872-73 (7th Cir. 1997). On the facts of that case, the claimant had (but failed to take advantage of) a 17-month window to file suit (representing the time between the conclusion of the internal appeals process and the end of the 39-month contractual limitations period). *See id.* at 873. Writing for a unanimous panel, Chief Judge Posner had "no doubt" that the contractual limitations period was "reasonable in general and in this case, where . . . the employee, represented by counsel, had almost a year and a half in which to bring his suit before the limitations period expired." *Id.* at 875.

Plaintiff, without citation to or acknowledgment of the Sixth Circuit's *Rice* opinion, urges this court to adopt the blanket prohibition of the Fourth and Ninth Circuits. In *White*, the majority of that divided Fourth Circuit panel criticized the dissent's suggested case-by-case approach to determining the reasonableness of a contractual limitations period tied to the proof of claim date. *White*, 488 F.3d at 250-53. The dissent, relying in part on the Seventh Circuit's *Doe* decision, found the period at issue to be reasonable in general and on the facts presented. *See id.* at 259-63. The *White* majority criticized such an approach as riddled with uncertainty. *Id.* at 251.

Very obviously, the unanimous panel of the Sixth Circuit had before it for consideration in *Rice* both the Seventh Circuit's *Doe* opinion and the Fourth Circuit's contrary ruling in *White*. After considering those conflicting authorities, the *Rice* court

8

issued a published opinion that it deemed "in accord with" *Doe* rather than *White*. *See Rice*, 578 F.3d at 456. As noted, the *Doe* panel did not adopt a *per se* bar on ERISA limitations periods such at the one now at issue, but instead evaluated the case on its facts. Because Doe, " represented throughout by counsel, had almost a year and a half in which to bring his suit before the limitations period expired," the subject period was upheld as reasonable. *See Doe*, 112 F.3d at 875.

Under the terms of the present Plan, plaintiff (represented by counsel) had until January 2007 to file suit. Defendants issued their final denial in April 2005, giving plaintiff *more than* a year and a half to come before this court but she failed to do so. As did the *Doe* panel, the undersigned finds the instant limitations period "reasonable in general and in this case." *See id.*

IV.

*Conclusion*

Based on this court's best reading of *Rice*, plaintiff's complaint is untimely. Defendants' motion for judgment on the pleadings therefore must be granted, and this civil action must be dismissed. An order consistent with this opinion will be entered.


ENTER:


                                              s/ Leon Jordan
                                      United States District Judge